Grafton,
No. 5186.

EDMOND G. GOODWIN &a. v. GUSTAVE F. JOHNSON.

Argued March 3, 1964.
Decided March 31, 1964.

*Robert A. Jones* for the plaintiffs, furnished no brief.

*William E. Lovejoy* (by brief and orally), for the defendant.

BLANDIN, J.   The dispute is over the ownership of approximately four acres of land included in a triangular plot of some five and a half acres, all being a portion of Lot 13 in the Hurd Location in the town of Grafton.   The plaintiffs claim their title to the four acres under a deed from Thomas J. LeMay dated October 25, 1961, which excepted the Tuck lot, of one and one-half acres.   The defendant claims the entire five and one-half acres by virtue of a conveyance from David Gile to Edmund Tuck, predecessor in title of the defendant, dated May 6, 1850, of what is known as the Tuck Lot.   In this deed the Tuck Lot is described as "to contain one and a half acres be the same more or less."   The defendant's immediate predecessor in title was E. V. Cronan, who deeded the land to the defendant on September 19, 1935.

The five and one-half acre triangle runs roughly north and south with the base of the triangle at the southerly end and the sharply tipped apex at the north end.   The one and a half acres, which concededly the defendant owns, is partly pasture and partly tillage land, and the four acres over which the dispute exists is forested.

The plaintiffs contend that the Tuck lot consists of only one and one-half acres, as the deed to Tuck stated, and that it is separated from their four acres by an ancient stone wall.   The defendant places his main reliance upon a claim of adverse possession of the disputed portion, although he also maintains that a proper construction of the deed of the Tuck lot would vest title of this parcel in him.   He argues that he has sustained his burden of establishing that his use of the four acres from the fall of 1935 and for twenty years thereafter was adverse, continuous, uninterrupted and so open as to give notice to the record owners that he was making claim to the tract. *Ucietowski* v. *Novak*, 102 N. H. 140, 144.   See *Jean* v. *Arsenault*, 85 N. H. 72.

The plaintiffs dispute the defendant's evidence in some detail. Thomas J. LeMay, the plaintiffs' immediate predecessor in title, testified that in 1954 when his son Robert, from whom Thomas derived his title, was about to purchase the property, he went with Robert to look it over. He stated that the defendant pointed out as the southerly boundary of his Tuck lot the ancient stone wall previously mentioned. The plaintiffs assert that this wall runs from the easterly boundary of the five and one-half acre triangular piece roughly northwesterly across the tract in such a manner as to divide it into two parts, the upper, or what the plaintiffs say is the Tuck lot, containing one and one-half acres, and the lower, which the plaintiffs claim, comprising four acres. The defendant flatly denied that he made this statement and he testified that there is no stone wall so located. The plaintiffs submitted further testimony that there is such a wall, with portions of a wire fence running along it, and they introduced photographs clearly showing the wall. They also offered testimony that their predecessors in title had claimed and used the four-acre area as their own under their deeds within the twenty-year period during which the defendant seeks to gain title by adverse possession.

In this state of the record, we believe it unnecessary to further detail the rather lengthy evidence in this case, which was thoroughly tried by both parties. The sharp conflicts between the witnesses were for the Court to resolve. *Clover &c. Co.* v. *Smith Co.*, 96 N. H. 491, 493. Even on matters where it might be urged that there was no conflict, the Court was not compelled to accept the defendant's testimony. *Bell* v. *Company*, 90 N. H. 453, 456-457. In short, the finding that the defendant did not sustain his burden of proving adverse possession is supported by the record, and the defendant's exception thereto is overruled.

Although it is true that the final interpretation of a deed is for this court (*Pettee* v. *Chapter*, 86 N. H. 419), the defendant's conclusion that the Trial Court erred in not construing the description in the defendant's deed of the Tuck lot as containing the entire five and one-half acres, does not require extended consideration. In addition to the substantial discrepancy between the one and one-half acres stated in the description of the deed and the five and one-half acreage which the defendant claims, there was other evidence, such as the location of the ancient stone wall dividing the one and one-half acres of pasture land,

part of which had also been used as tillage land, from the forested four acres. The matter of locating the boundaries of the Tuck lot from the deeds, the conflicting evidence and the monuments on the ground, presented questions of fact peculiarly within the province of the Trial Court. *Harmon* v. *Kennett Company*, 103 N. H. 219, 222. See also, *Pettee* v. *Chapter*, 86 N. H. 419, 428. Here the one and one-half acreage stipulated in the deed of the Tuck lot and the monuments on the ground in the form of the ancient stone wall combine with other evidence to support the findings, rulings and interpretation of the Trial Court as to the meaning of the Tuck deed. We agree with its interpretation of the deed. *Hogan* v. *Lebel*, 95 N. H. 95.

*Judgment for the plaintiffs.*

All concurred.